Argued and submitted July 9, reversed September 26, 1984

In the Matter of William Charles Knaak,
a Child.
STATE ex rel JUVENILE DEPARTMENT
OF CLACKAMAS COUNTY,
*Respondent,*
*v.*
KNAAK,
*Appellant.*
(J83-10-10; CA A30747)

688 P2d 123

Howard Clyman, West Linn, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

PER CURIAM

## PER CURIAM

▮▮▮ A juvenile in this case engaged in an informal wrestling match with an acquaintance while attending an Oregon City-West Linn high school football game. In the course of that encounter the juvenile's acquaintance received a minor stab wound in his arm. At best, the evidence adduced at the hearing suggested that the injury occurred when the juvenile grabbed the victim from behind and, while "playing around, or wrestling around," as they had on previous occasions, the acquaintance was impaled by a sharp object contained in one of the juvenile's pockets. The trial court found that the juvenile had committed assault in the second degree,[1] ORS 163.175,[2] and placed him within the jurisdiction of the juvenile court. ORS 419.476(1)(a). We review *de novo*.[3] ORS

---

[1] The trial court's discussion of its finding was somewhat inconsistent:

"[The Court] There is no doubt in my mind * * * that the State has proved beyond a reasonable doubt the facts of the petition are true. I'm not so sure this boy intended to do what he did, to the extent. But I know how these football games can generate enthusiasm, causing people to do things that they wouldn't normally do. And I think that is exactly what happened here. I don't think that this young man intended to do exactly what he did. There may have been some scuffling going on. But in my opinion, he did it knowingly and he did it intentionally. And there isn't any doubt in my mind about that."

[2] ORS 163.175 provides:

"(1) A person commits the crime of assault in the second degree if he:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

"(2) Assault in the second degree is a Class B felony."

[3] The state contends that, because the juvenile challenges the sufficiency of the evidence, we should not review *de novo,* but apply the standard of review expressed in *State v. Thornton,* 246 Or 377, 380, 425 P2d 529 (1967):

"Whether the differing purposes of a juvenile court and a criminal court together with the lesser burden of proof required in the former might alter the test of an appellate court to be applied when testing the sufficiency of the evidence, we need not here decide because the evidence adduced was sufficient to present a question of fact in a criminal manslaughter trial.

"The test to be applied when testing the sufficiency of circumstantial evidence is that the state must produce cogent and convincing evidence which must be inconsistent with any reasonable theory of innocence, but in passing upon the sufficiency of the evidence the appellate court does not weigh the evidence or

419.561(4); *State ex rel Juv. Dept. v. Kent,* 31 Or App 1219, 572 P2d 1059 (1977), *rev den* 282 Or 1 (1978). We conclude that the evidence does not show, beyond a reasonable doubt, that petitioner committed assault in the second degree.[4] *See In re Winship,* 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970).

Reversed.

---

resolve the conflicts. The appellate court must accept the state's evidence as true." (Footnote omitted.)

ORS 419.561(4) provides:

"An appeal to the Court of Appeals [from juvenile court] shall be conducted in the same manner as an appeal in an equity suit and shall be advanced on the court's docket in the same manner as appeals in criminal cases."

That statute was in effect in 1967 when *Thornton* was written, although it referred to an appeal to the Supreme Court rather than to the Court of Appeals, which did not exist at that time. The test stated in *Thornton* is contrary to the express legislative directive of ORS 419.561(4), and we must conclude that the Supreme Court's statements regarding appellate court review of the sufficiency of the evidence in juvenile proceedings were simply incorrect. *See State ex rel Juv. Dept. v. Cole,* 280 Or 173, 570 P2d 365 (1977); *State ex rel Juv. Dept. v. Kent, supra.*

[4] At the hearing, the state asked the juvenile court to find that the juvenile had committed assault in the second degree or any lesser included offense. On appeal the state argues that, even if we fail to uphold the finding of assault in the second degree, we could find that the juvenile had committed assault in the fourth degree and affirm the order placing the juvenile within the jurisdiction of the juvenile court.

The charging instrument in this case charges that the juvenile acted "intentionally." Even assuming that assault in the fourth degree (which provides for conviction on the basis of a finding of recklessness or criminal negligence if the injury is caused by a deadly weapon) is a lesser included offense of assault in the second degree when the charging instrument only charges that the suspect acted intentionally, we still could not find beyond a reasonable doubt that the juvenile committed assault in the fourth degree. ORS 163.160.