Argued and submitted March 6, reversed May 6, 1987

In the Matter of Wayne McFarland, a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY,
*Respondent,*

*v.*

McFARLAND,
*Appellant.*

(86-208; CA A41283)

736 P2d 594

Patricia A. Vallerand, Eugene, argued the cause for appellant. With her on the brief was Leistner, Vallerand & Evans, Eugene.

Steve Vlcko, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The child appeals from a trial court judgment finding him to be within the jurisdiction of the juvenile court. ORS 419.476(1)(a).[1] The court concluded that he had committed burglary, ORS 164.225(1),[2] an act which, if done by an adult, would constitute a crime. He contends that the state did not prove all of the elements of the petition beyond a reasonable doubt. ORS 419.500(1).[3] We review *de novo,* ORS 419.561(4); *State ex rel Juv. Dept. v. Knaak,* 70 Or App 172, 173, 688 P2d 123 (1984), and reverse.

The state's petition alleges:

"[The child] has done an act which is a violation of ORS 164.225 (BURGLARY IN THE FIRST DEGREE), in that:

"On or about the 9th day of April, 1986, in Lane County, Oregon, said child, acting together in pursuance of a common intent with Bruce Bowman, did unlawfully and intentionally enter and remain in a dwelling, located at 2610 Quince Street, in Eugene, with the intent to commit the crime of THEFT therein."

The state's witnesses were the victim and Trooper Merrill,

---

[1] ORS 419.476(1) provides, in relevant part:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city[.]"

[2] ORS 164.225(1) provides:

"A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom the person:

"(a) Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; or

"(b) Causes or attempts to cause physical injury to any person; or

"(c) Uses or threatens to use a dangerous weapon."

[3] ORS 419.500(1) provides, in relevant part:

"The facts alleged in the petition showing the child to be within the jurisdiction of the court as provided in ORS 419.476(1), unless admitted, must be established by a preponderance of competent evidence. However, in the adjudicative phase of a hearing where a finding of jurisdiction may result in institutionalization under ORS 491.509(1), the facts must be established beyond a reasonable doubt."

who arrested the child. Harem, the victim, testified that, sometime during the day of April 9, her home was burglarized and that some of her personal belongings were taken. She did not know when the entry had taken place or how many persons were involved. She did not recognize the child. Merrill testified that he had been called to investigate the burglary. He arrested Bowman near the Harem residence. He then saw a car, which he had seen near the residence earlier in the evening. The child and two other persons were in the car. Merrill stopped the car and advised the child of his *Miranda* rights. He asked the child if he had been near the residence. Merrill testified that the child stated that he had been a "lookout" or that he had been there "to watch."

The child testified that Bowman had asked him to go with Bowman to a woman's house to pick up some liquor. He went there with Bowman, who told him to wait outside while he went inside alone. He testified further that Bowman did not break into the house, but entered through an unlocked door. When he returned, Bowman was carrying a bag with liquor in it. The child then went home. Later that evening, Bowman and two girls picked the child up at home. They drove to the area near the victim's home, where they dropped Bowman off. The child and the two girls drove around for a short time. They were looking for Bowman when Merrill stopped the car. The child testified that Merrill would not let him explain what he meant when he said that he had "waited outside." The state presented no rebuttal evidence.

The state agrees that there was no evidence that the child had entered the house. It argues, however, that it proved that the child aided and abetted Bowman in the commission of the burglary. Therefore, it argues, the child is liable. ORS 161.155(2)(b).[4] The child argues that the state failed to prove

---

[4] ORS 161.155 provides, in relevant part:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]"

that he had any intent to promote or facilitate the burglary, that he aided or abetted Bowman in planning or committing a burglary or that Bowman entered the house with the intent to commit a crime inside.

The state has the burden to prove each element of the offense beyond a reasonable doubt. That includes proving that Bowman committed the burglary that the child is alleged to have aided or abetted him in committing. The child testified that Bowman entered the house; the victim testified that the burglar entered without permission. The state presented no evidence that Bowman entered the house with the intent to commit a theft, or any other crime, inside. ORS 164.225(1). The victim testified that the liquor Bowman brought out of the house was not hers. On *de novo* review we conclude that the state failed to prove all of the elements of burglary beyond a reasonable doubt and, therefore, that the child is not within the jurisdiction of the juvenile court.

Reversed.